169006 Carolyn Privitera v. Joseph M. Curran Thank you, Your Honor. My name is Paul Hughes. I'm counsel for Appellant Carolyn Privitera. And if I may, I'd like to reserve two minutes for rebuttal. Yes. Thank you. As the Court's aware, there are three elements of Ms. Privitera's Section 523A2B claim that are in dispute before the Court. First, whether she's alleged a statement respecting her financial condition. Second, whether that statement was materially false. And third, whether or not she's properly alleged, reasonable reliance on that statement. Okay. Can you please focus on number two? And in particular, focus on the allegations made in the complaint? Because in my view, if he did not represent the financial condition that this was a list of collateral, but merely represented in response to a request for a list of property, that he had complied with the list of property, we have two different situations here. And your briefing tends to fuzz up the distinction between those two different reviews. Yes, Your Honor. So I'll point the Court our complaints around Appendix Pages 16 to 19. Paragraphs 15, 51, and 68 of the complaint are where I would direct the Court first to. And it's clear that Mr. Curran, the allegation is Mr. Curran understood he was being asked for a list of his property, so that it would serve as collateral. And in effect... I beg your pardon. Where does it say that it was clear to him that the list of property would be a collateral? Your allegations are Privatera or Privatera's attorney asked Curran to provide, and then it refers to, a list. The list of property was a collateral. Was a list of personal property belonging to Curran, either by title or by physical possession? Where is there an allegation that he was asked to provide a list of collateral? Your Honor, at Paragraph 68 of the complaint, the complaint alleges Curran made a statement in writing regarding his financial condition, namely that he could offer two trucks as security for the loan. What's that based on? As opposed to a conclusion? Are you saying he made an oral representation to your client? Your Honor, the representation that was made was he was asked to provide, identify that he had security that would provide collateral for this loan. And I'll say, at Appendix Page 67, this is how the Bankruptcy Court understood Ms. Curran's allegations. The Bankruptcy Court said... But we're talking about the complaint, not what the Bankruptcy Court understood. We've got de novo review here. Yes, Your Honor. On a motion to dismiss, all right? And the complaint says, I'm stuck on the same language Judge Lynch is stuck on, that Curran provided a list of property belonging to him by title or by physical possession, and used in his landscaping business. And that's exactly what he provided, such a list. Your Honor, he understood, and this is again, also at Paragraph 15 of the complaint, Paragraph 51 of the complaint, the allegation is he knew this list was to serve as collateral for the loan. So the end of any... But there are no facts to back... I mean, that may be an allegation, but there are no facts. Was that told to him before he provided the list? The complaint doesn't say that. Well, Your Honor, at the Page 3 of the agreement that he signed said security and guarantee. He titled this a list of collateral. I'm sorry. So when he gives the list, he's not made a misrepresentation, but when... Does he sign the agreement? He does. He initials the agreement that says a list of collateral. It's the agreement that, in retrospect, turns the list of property into a list of collateral. Is that the allegation? I think it would be both, Your Honor. The court could look at it either way. I don't think those are exclusive. I think the point of the matter is all along he knows that he's being asked to ensure that there is underlying collateral that secures this loan. Yeah, I would have thought that was sensible, but that isn't what's actually pled. I think that is pled, Your Honor, in Paragraph 15, and that's what the document on the face of it says. It calls it a list of collateral. That's clear in the terms of the agreement that he signs, that this is a list of his collateral. And a list of collateral is only collateral in those assets. First of all, anyone who uses the term collateral is Privatera's lawyer who appends that title to what Karman has called the list of property belonging to him by title or by possession. That's number one. Number two, encumbered property can be collateral to the value of any retained equity in it. That's right, Your Honor. I don't disagree with any of that. But what happened here is he signed this agreement when it was listed as collateral, expressing all parties understood this to be collateral. To the second point... But that has to be against the backdrop of the original list that he provided, which specifically listed original costs, right? It did, but the whole... It didn't list liens or anything, any other sort of encumbrances on it. So what I'm wrestling with is whether that subsequent initialing somehow changed the character of what he understood he was supposed to be disclosing after he had already made an express disclosure, which does not suggest at all that he should have disclosed liens. He specifically disclosed costs. Your Honor, at the time that these agreements are signed and initialed by Mr. Curran, it's clear that this is a representation about his collateral. Now, encumbered collateral or encumbered assets can be collateral, but the encumbrance has an effect on the extent to which they're collateral. In this area, that's also a question in my mind. Nothing in the complaint that indicates that he was told that this loan was his responsibility to fully secure this loan. Your Honor, the... I mean, the property that he put up was worth something. Your Honor, the... An accreditor can make a loan and have it partially secured. That's not an unusual transaction. Your Honor, the basis for the duty for him to disclose this that we rest principally on is that which comes from Restatement Section 551, paragraph 2B. Well, that's a different question, all right? Because that argument, which you've now made in the 28-J letter at some length, was never made to the Bankruptcy Court and never made to the map. So how can we consider it here? Your Honor, I think that has been our consistent argument throughout the briefing. I have... I think I have checked the Bankruptcy Court filings pretty carefully, and I don't think that restatement provision was ever mentioned by your client in the Bankruptcy Court. Certainly not mentioned in the Bankruptcy Court decision, and not mentioned in the back brief. Your Honor, I think, though, our contention has all along been that he has a duty to disclose the full information that precludes his partial disclosure from creating a misrepresentation about the value that he's asserting. And the Section 551 of the Restatement is just one place in which that duty is clearly identified. But our point has always been there's a common law on duty. When you make a representation as to an asset that supplies collateral, one has an obligation to provide further information. And your theory now is, to go back to Judge Howard's point, when he initialed the agreement which the lawyer had characterized the list of property as collateral, that initialing is what amounts to the misrepresentation? Well, yes, Your Honor, but not to the exclusion of the fact that all along it was collateral. But to the extent the Court has any doubt as to whether... Yes, we... It would have been very easy for you to plead that they had a discussion and that your client told him that this was going to be collateral and that he responded, that he understood that. There is no such pleading. So we're now back to the agreement, the initialing of the agreement as a fallback position. Yes, Your Honor, and I think, though, taken the facts of the agreement and the facts that the agreement, of course, is attached to the complaint, all of those draw a plausible inference in Ms. Privatero's favor at this pleading stage in which we're drawn, of course, that there is a plausible inference to be drawn that Mr. Kern understood that this was a request to describe his collateral at the time, which is only confirmed, I think, by the initialing of the document when it's said that this is a statement of collateral. Okay, thank you. Thank you, Your Honor. Good morning, Your Honors. May it please the Court, my name is Louis Haskell and I represent the debtor, Joseph Curran. I think that the Court has basically hit the nail on the head. Mr. Curran was asked to provide a list of his property held either by title or possession. He provided a list of his property held by either title or possession. In fact, one of the things I find kind of bizarre about the appellant's argument that wasn't brought up in oral but kind of in the brief is that they then turn around and say, well, how dare you tell us about trucks in which you only had possession but that there's some ambiguity in the title, and that's exactly what we asked you for. You're not responding to the argument that they're now making that when he initialed the agreement, the list of property had been called in the documents collateral by virtue of the lawyers getting their hands on this, and that then became the implicit misrepresentation. There's no misrepresentation there, Your Honor. I mean, he had to, you know. Because the property was collateral? It may not have been a perfect list? Is that the argument? Ms. Privatera had the right to try to collateralize anything he had, and he conveyed to her that right now or in the future. In fact, she didn't take anything as collateral before or during the making of this loan agreement but certainly reserved to herself the right to make security interest in the future, and that's what he gave her. And it seems perfectly reasonable, particularly given the nature of the relationship, that the debtor would want Ms. Privatera to have first claim, first dibs to anything he has at any time. So are you saying that she had no right to expect that this would be perfect collateral because after all she had only requested and received what was in part a list of property that was simply his by possession, not by title, and therefore she was on notice that it might not be property that he could give a full security interest in? He gave her what she asked for, what the attorney asked for. And now her attorney recharacterized it as things that they could securitize and stick their claws in. Mr. Curran was not represented. Mr. Curran would have no particular understanding of what that meant, but beyond that she can stick her claws into it and be first in line in the event that things go wrong. So you want us to adopt a doctrine that because someone is not represented we alter the plausibility rules under Iqbal that bind us? That's not where I'm going. She's the one represented by counsel. He is not. Counsel has to respond to the reasonableness of the reliance or the justifiability of the reliance that there's so much opportunity to clarify whether or not he has a clear title, not the least of which is if you're trying to take collateral on a vehicle, the appropriate way to do it is ask for the title, which by the way would have had the secondary effect of kind of underwriting, verifying that he had title to underwrite the loan. Let me ask you a question about possession. So if he borrowed his neighbor's truck and was allowed to use it for several months and he listed that under the first request as an item that he had possession of and then it showed up on the list of collateral, any obligation for him to clarify that? Well, I would argue that that's pretty far removed from what we have here. So? And what makes it far removed? What I want to know is is there any obligation to clarify that in your mind? That there's nothing here to collateralize. I understand your point. I think the so is the more interesting question. I mean, in the case of the vehicles, I mean, first of all, the absence of title has to do with financing. The banks hold on to the title when there's a car loan or a vehicle loan. Well, she didn't know and I don't know how many weeks there might be on any of these pieces of property, just where she is going to stand in line, and that's really the question, whether he has an obligation to disclose any of that. All he was asked was for a list of property and then they recharacterized it as a list of collateral. Which was then presented to him. Which was presented to him. So it still begs the question. Exactly. And all he did was acknowledge that she had securitized herself. We don't have to worry about questions like that. You just want to win your case. But we are writing law and so it would be helpful if you would answer the question. I'm sorry, Your Honor. I think I'm lost. The question being. It's quite all right. I take it you would say if he had borrowed his neighbor's truck and had put it on the list of property he had possession of, say for six months or a year, and then he is asked to initial the agreement, that unless she asks him further questions, he has no obligation whatsoever to disclose that the neighbor's truck is going back to the neighbor? I think that the question kind of changes the definition of possession. I mean, Kerman does have an ownership interest in all of these things. Now you're asking if he doesn't have an ownership interest. I think it's a fair question of if he doesn't have an ownership interest at all, does he have a duty to disclose? Do you agree he's made a representation about possession? And you say this is a hypothetical not raised by this case? Well, I do say it's a hypothetical not raised by this case. But I think that it is just simply a far field. I mean, the question is what's a reasonable answer to what property do you have by possession in this kind of a transaction? And I think the fundamental question then would be would it even be reasonable for him to be putting down a borrowed truck that clearly belongs to somebody else? I mean, that would probably be an unreasonable act to begin with as opposed to or certainly an unreasonable act without some matter of discussion. How about a leased truck? Would he have to disclose that after the initial request? Would he have to include the truck on the initial request for a list of property? There can be an interest in a leased vehicle. It can translate potentially into an ownership interest, depending on the terms of the lease. And therefore, it is something that perhaps Mrs. Prevatera might want to securitize, if not at the present, then in the future. So that vehicle certainly... So if it then showed up on the list of collateral prepared by her attorney, any obligation to disclose that it's a lease on his part? Again, I think it's fair to say that the point of the list of collateral is to put Mrs. Prevatera first in line in the event things go bad. Well, somewhere in line. Or somewhere in line, certainly in front of general unsecured creditors. And that's a perfectly reasonable thing, frankly, for Mr. Curran to want to do, given the relationship. And that, frankly, given that, that this is... that the list should be as expansive as possible. That, I think, is frankly... It's not pled one way or the other, but I think, frankly, that's what he's being asked to do. But you're not arguing that she had some commercial obligation to check UCC filings? Oh, yes, I am. You are. But that gets to reliance. I mean, was her reliance reasonable in the answer, or even justifiable? In the courts below held, it wasn't even justifiable. Right. And that's absolutely part of it. Absolutely, if the security interest in these vehicles is as important as it is now alleged to be, she should have asked for the titles to secure... so that she could take that security interest in the trucks. Absolutely. Part of the reason why, you know, on a... I guess on a A2A... My question actually didn't go to reliance. It's going to what is a misrepresentation and what isn't in this world. I understand that it has an impact on reliance, but that wasn't really where I was focusing. Right. But it is another issue in front of the court, and it's central to that issue. And what I'd say is this. Again, he was asked for something, he gave them that something. That's all he did. The question, what the opponent, I guess, is trying to do, or the issue, I suppose, is now, is did this somehow magically transform itself when this property, which in all cases he did have a current or future potential ownership interest, became something that Privetera could sink her hooks into? And no, it did not become a misrepresentation at that point. Thank you. Thank you, Your Honor. As I think Judge Lynch has pointed out,  it was captioned a list of collateral, and he was making representations as to available collateral and the value of his assets. And that's your argument. It's not the way I would frame the case. But I understand you to be making that argument. Yes, Your Honor. And I do think the bankruptcy court's understanding, I understand the court reviews the complaint de novo, but it's important, I think, to recognize the bankruptcy court understood that these were the proper allegations. Because if there was doubt on that point, there would have been the opportunity to amend, or the bankruptcy court could have entertained amendment. But the bankruptcy court, construing these pleadings in favor of Ms. Privetera, found that she alleged that Mr. Kern knew he was being asked to pledge collateral that would provide security to the loan. So if we read the complaint differently, you're saying that somehow you should have the benefit of the bankruptcy court's erroneous construal of the complaint? Well, Your Honor, that was an issue that was found in our favor below. If that issue had been found against us below, we would have had the opportunity to ask the bankruptcy court to allow us to amend the complaint. So I do think, of course, the court can affirm on alternative grounds, but given that we prevailed on that, we should have the opportunity. When did you prevail? Was it a finding of fact, or was it based on the complaint? Did the district court take testimony from her and from him before it reached that characterization? Your Honor, no, this was the motion to dismiss argument that was heard before the court. Okay, so it's testing the pleadings, and we're free to disagree? That's not only true, but the district court made no findings. The district court decided this case on a different issue, which rendered it completely immaterial, the issue that we've been quarreling about, because the district court said, this isn't a statement of financial condition. That's right, Your Honor. So anything else it said was different? It did, but I think that expresses the understanding below of what Ms. Privatera had alleged, and it did turn on the arguments that the attorneys presented in the other material, from the state court deposition in 2004, what Mr. Curran had understood. Now, that was not admitted as evidence, because we're on the pleading stage. Okay, thank you. Thank you, Your Honor.